UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------x
GARFIELD SPENCER,

        Plaintiff,

-against-

BLACK ROCK OYSTER BAR & GRILL,
JOHN DOE I, both individually and in his capacity
as agent of Black Rock Oyster Bar & Grill,
JOHN DOE II, both individually and in his capacity
as agent of Black Rock Oyster Bar & Grill, and
JANE ROE, both individually and in her capacity
as agent of Black Rock Oyster Bar & Grill,

        Defendants.
-----------------------------------------------------------x

FILED

2007 JUN 14  P 12: 54

**COMPLAINT**

**307CV  936 SRU**

**JURY DEMAND**

The Plaintiff, Garfield Spencer, by and through his attorneys, Maya & Associates, P.C. complains and alleges that Defendants Black Rock Oyster Bar & Grill, John Doe I, John Doe II, and Jane Roe, violated rights secured to him under federal and state statutes as well as Connecticut decisional law.

## PARTIES

1. The Plaintiff is Garfield Spencer (hereinafter "Spencer"), who resides at 91 Algonquin Road, Fairfield, Connecticut. Spencer is a black, British-born American man.[1]

2. The first Defendant is Black Rock Oyster Bar & Grill, (the "Restaurant"), which is a public restaurant and bar located at 348 Black Rock Turnpike, Fairfield, Connecticut.

---

[1] For the sake of convenience, Spencer is hereinafter referred to as "African-American."

3. The second Defendant is an unidentified male individual named herein as John Doe I ("Doe I").[2] Upon information and belief, Doe I resides within the state of Connecticut. At all material times, Doe I was an agent and employee of the Restaurant. Upon information and belief, Doe I is Caucasian or white.

4. The third Defendant is an unidentified male individual named herein as John Doe II ("Doe II"). Upon information and belief, Doe II resides within the state of Connecticut. At all material times, Doe II was an agent and employee of the Restaurant. Upon information and belief, Doe II is Caucasian or white.

5. The third Defendant is an unidentified female individual named herein as Jane Roe ("Roe"). Upon information and belief, Roe resides within the state of Connecticut. At all material times, Roe was an agent and employee of the Restaurant. Upon information and belief, Roe is Caucasian or white.

## JURISDICTION

6. The Plaintiff previously filed a timely complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), which issued a Release of Jurisdiction on March 20, 2007. A copy of the CCHRO's Release of Jurisdiction is attached hereto as "Exhibit A." The Plaintiff, therefore, has duly exhausted his administrative remedy.

7. The Court has subject matter jurisdiction over the federal statutory claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

---

[2] Spencer was not able to find out the names of the individual defendants named herein and their identities were not disclosed by Black Rock Oyster Bar & Grill during the pendency of Spencer's CCHRO complaint.

## VENUE

8.     The District of Connecticut is the proper venue for this dispute under 29 U.S.C. § 1391(b), since the events and omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

9.     On April 2, 2006, at approximately 5:00 p.m. in the afternoon, Spencer arrived at Black Rock Oyster Bar & Grill as a prospective customer, with his three-and-a-half-year old son, Matthew Spencer (hereinafter "Matthew"), who is of mixed race, and his father-in-law, James Smyth (hereinafter "Smyth"), who is Caucasian.

10.    Spencer, Smyth, and Matthew were met by a male waiter, John Doe I (hereinafter "Doe I") who proceeded to seat them at a table for four. Spencer asked Doe I whether they could sit at another table near the window which was also set for four. Doe told Spencer that they could not be seated there because a party of six was due and were to be seated there. However, during the entire time Spencer and his family were at the restaurant, the mythical "party of six" never arrived to be seated at the window seat.

11.    Upon being seated at their table, Spencer and his family waited just a few minutes before a female waitress, Jane Roe (hereinafter "Roe") brought them glasses of water. Roe proceeded to take their order for drinks.

12.    Spencer and his party perused the menu while waiting for their drinks to arrive, and, while waiting, Spencer noticed that other restaurant patrons – all of them Caucasian – being seated around them were being given water and bread almost

immediately after they were seated. Smyth surmised that the other patrons must have "ordered the bread."

13. After more than ten full minutes, Roe brought two of the three drinks orders to the table but she did not, however, bring an orange juice as was ordered for Matthew. Yet another ten minutes elapsed and Matthew began to get upset that he did not have his orange juice. Finally, Roe brought a glass of orange juice to the table and took the party's food order.

14. Spencer and Smyth had by now noticed that every other table in the restaurant – without exception – had been given water and bread as soon as they were seated. Spencer and Smyth also noticed that there were no people of color in the restaurant apart from Spencer and his son, Matthew. Furthermore, Spencer and Smyth noticed that Doe I had walked past their table at least six times but did not stop to ask whether they needed anything, although he seemed to make a point of stopping at every other table in the vicinity.

15. Spencer became visibly annoyed at the treatment they were receiving, particularly when he overheard Doe I telling Roe to discreetly inform another table that "their bread [was] in the warmer" when in fact it was obvious that this table had already consumed their first portion of bread.

16. In stark contrast to the service they were receiving, Spencer could not help but notice that the other patrons were receiving their drinks and food promptly after placing their orders, with a relatively high standard of customer service.

17. Spencer's appetizer arrived approximately fifteen minutes after they had placed their order. Finally, after Smyth's side salad appeared, and some time after the

appetizer was delivered without any of the main courses they had ordered, Spencer noticed an individual in a sky blue shirt walk near their table. Utterly exasperated by this time, Spencer stood up, tapped the individual on his shoulder and inquired as to whether he was the manager. The individual said he was, at which point Spencer asked if he could "have a word with him" outside, since he did not want his son, Matthew, to hear the conversation.

18. Spencer and the manager, John Doe II (hereinafter "Doe II") went outside, at which point Spencer complained that he was with his young son and his father-in-law, who was an elderly gentleman, that they had been waiting for their food for more than forty-five minutes, that they had not even been offered bread upon their arrival or at any time while they were waiting, and that it was obvious that they were being treated in a cavalier and hostile manner by the wait staff.

19. Spencer told Doe II that he would not stand for the type of treatment they had received and asked for the check. Doe II simply shrugged, told Spencer to calm down and walked back inside. Smyth then came outside with Matthew.

20. Two or three minutes later, Doe I and Roe came outside with the party's check. Doe I told Spencer that not giving them bread had been an oversight, at which point Spencer confronted both Doe I and Roe with the fact that he had overheard Doe I telling Roe to inform another table that their second serving of bread was in the warmer. Roe acknowledged that this exchange had indeed taken place.

21. Spencer paid the bill, which bill included charges for main courses which were ordered and never received, and – thoroughly repulsed by the entire episode – left the premises with his family.

## COUNT I

## DISCRIMINATORY PRACTICES IN VIOLATION OF CONNECTICUT GENERAL STATUTES §§ 46a-64(1), 46a-64(2)

1-21. Spencer repeats and realleges paragraphs 1 through 21, above, as if fully set forth herein.

22. As detailed above, Spencer and his party were treated in a patently cavalier and hostile manner by the defendants, in stark contrast to the manner in which the other patrons of the Restaurant – who were, without exception, not people of color like Spencer and his son Matthew – were being treated.

23. Based upon the foregoing, Defendants violated Connecticut General Statutes §§ 46a-64(1) and (2), by intentionally denying Spencer full and equal accommodations with Black Rock Oyster Bar & Grill and maliciously discriminating against him based upon his race as an African-American.

24. As a result of the violations alleged in paragraph 24 and 25, above, the defendants have tortiously harmed Spencer who has suffered emotional distress and loss of personal dignity as a result of their actions, which he continues to suffer from today, and upon information and belief, will continue to suffer from in the future.

## COUNT II

## DISCRIMINATORY PRACTICES IN VIOLATION OF 42 U.S.C. § 1981

1-24. Spencer repeats and realleges paragraphs 1 through 24 above, as if fully set forth herein.

25. Pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, all persons within the jurisdiction of the United States shall have the same right in every State and

Territory to make and enforce contracts to the full and equal benefit of all laws as is enjoyed by white citizens.

26. By intentionally denying Spencer full and equal accommodations with Black Rock Oyster Bar & Grill and maliciously discriminating against him based upon his race as an African-American, Defendants violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, and are therefore liable to Spencer for compensatory damages.

## COUNT III

## INJUNCTIVE RELIEF PURSUANT TO TITLE II OF THE CIVIL RIGHTS ACT

1-26. Spencer repeats and realleges paragraphs 1 through 26, above, as if fully set forth herein.

27. Pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodations, without discrimination on the ground of race, color, or national origin.

28. By intentionally denying Spencer full and equal accommodations with Black Rock Oyster Bar & Grill and maliciously discriminating against him based upon his race as an African-American, Defendants violated Title II of the Civil Rights Act of 1964.

29. Plaintiff has suffered irreparable harm as a result of the discriminatory acts of Defendants complained of herein and that injury will continue unless declared to be unlawful and enjoined by this Court.

**WHEREFORE**, Plaintiff Spencer demands judgment as follows:

a. On the First Cause of Action, the assessment of civil penalties as permitted by applicable law, and such other relief as this Court deems just and proper;

b. On the Second Cause of Action, compensatory damages, punitive damages as permitted by applicable law, costs, attorneys fees, and such other relief as this Court deems just and proper;

c. On the Third Cause of Action, that this Court enter a temporary and permanent injunction, costs, attorneys fees, and such other relief as this Court deems just and proper;

Dated: June 14, 2007

          THE PLAINTIFF,
          GARFIELD SPENCER

By: _____
H. Daniel Murphy, Esq. (ct26671)
Karen A. Anderson, Esq. (ct25297)
MAYA & ASSOCIATES, P.C.
266 Post Road East
Westport, CT 06680
Tel: (203) 221-3100
Fax: (203) 221-3199
Email: hdmurphy@mayalaw.com
Email: kanderson@mayalaw.com

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**RELEASE OF JURISDICTION**

FORM 500(3)

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, <u>ex rel.</u>

<u>Garfield Spencer</u>
Complainant

Date: March 20, 2007

vs.

<u>Black Rock Oyster Bar & Grill</u>
Respondent

CCHRO CASE NO.: 0620499
EEOC CASE NO.:   N/A

<u>RELEASE OF JURISDICTION</u>

Pursuant to Complainant's and/or Complaint's attorney(s) request dated **March 12 , 2007**, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes. Also, in accordance with Section 46a-100, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

**Please be advised that, pursuant to CONN. GEN. STAT. §46a-103, the Complainant or Complainant's attorney <u>must serve</u> on the Commission, at 21 Grand Street, Hartford, Connecticut 06106 at the same time all other parties are served, a copy of any civil action filed pursuant to this release. The Commission must be so served because it has a right to intervene in any action filed based on a release of jurisdiction.**

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch as the complaint was filed in accordance with 46a-82 of the C.G.S. and the complaint has been pending for a period of not less than 210 days, inasmuch as it was filed on **June 13, 2006** is still pending on **March 20, 2007** a period in excess of two hundred and ten (210) days.

Rev. 2/6/02

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from **March 14, 2007**, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

<u>The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.</u> The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

Very truly yours,

Donald E. Newton
Chief of Field Operations

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this <u>20th</u> day of <u>March, 2007</u>.

cc: Complainant:  Garfield Spencer
    Complainant's Attorney:  Attorney Karen A. Anderson
    Receipt for Certified Mail 7099 3400 0008 5562 6370
    Respondent(s):  Craig Watson, Black Rock Oyster Bar & Grill
    Respondent's Attorney:  Attorney John K. Cohane
    Regional Manager:  Tanya A. Hughes, Regional Manager
    Southwest Regional Office

Rev. 2/6/02